# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TIMOTHY TERRELL,** | **CASE NO. 1:17 CV 2388** |
| Plaintiff, | **JUDGE CHRISTOPHER A. BOYKO** |
| v. | |
| | **OPINION AND ORDER** |
| **MEDICAL DEPARTMENT CUYAHOGA COUNTY CORRECTIONAL CENTER,** *et al.*, | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Timothy Terrell filed this action under 42 U.S.C. § 1983 against the Cuyahoga County Correctional Center ("the Jail") Medical Department, Metro Health Systems, Dr. Thomas Tallman, Dr. Rekha Ujla, Director of Inmate Health Services Marcus Harris, the Cuyahoga County Medical Director, The Ohio Department of Rehabilitation and Correction ("ODRC") Medical Director, the Jail Director, Nurse Lori True and Dr. Alan Gatz. In the Complaint, Plaintiff asserts the Defendants were deliberately indifferent to his serious medical condition in violation of the Fourteenth Amendment. He seeks monetary relief.

## I. BACKGROUND

Plaintiff alleges he was booked into the Jail on October 4, 2016. At that time, Plaintiff met with Dr. Gatz and informed him that he suffered from anemia. He alleges Dr. Gatz told him if he were concerned about his health, he should not commit crimes. He then indicated to Plaintiff that if medical staff could confirm his diagnosis, he would receive treatment. Plaintiff claims he was sent back to his housing unit without receiving medication.

Plaintiff indicates he did not receive medical attention from October 2016 until May 2017. He alleges that in those seven months, he complained of breathing complications. He was scheduled for an appointment at University Hospitals on June 5, 2017. Doctors there prescribed monthly injections of Aranesp and daily treatments of Tramadol. Plaintiff states he saw Dr. Tallman upon his return to the Jail. He states Tallman gave him a physical examination and sent him back to his housing unit without the medication. Four days later, Plaintiff was taken back to University Hospital where he was admitted for complications due to a low blood count. He alleges he received transfusions and hourly blood monitoring. He received a shot of Aranesp just before returning to the Jail on June 11, 2017.

Plaintiff states Dr. Tallman told him his medications would be administered as instructed by the University Hospital doctors. He claims that despite that statement, he did not receive another shot of Aranesp for four months. He contends he complained to Dr. Ojla and Nurse True who both assured him he would receive treatment. He states he experienced chest pains and breathing complications and asked to be sent to University Hospitals. His request, however,

was denied. He indicates he received an injection of Aranesp on November 2, 2017. He asserts the Defendants were deliberately indifferent to his serious medical needs.

## II. LAW AND ANALYSIS

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than

"an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### ***Respondeat Superior***

The Jail Medical Department is not a proper Defendant. To the extent Plaintiff intended this claim to be asserted against specific people in the Medical Department, he must identify them individually in his Complaint. He cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).

To the extent he intended to sue the County for the actions of individuals within the medical department, he also fails to state a claim upon which relief may be granted. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted

by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). Plaintiff does not suggest a custom or policy of Cuyahoga County that provided the basis for the decisions Jail staff made about his medical care.

Similarly, Plaintiff has not stated a claim against Metro Health Systems, Harris, the Cuyahoga County Medical Director, the ODRC Medical Director, or the Jail Director in their individual capacities. Plaintiff has not alleged that they were personally involved in deciding which medications he should have and when he should receive them. It is possible Plaintiff named them as Defendants because they employ or supervise other Defendants. *Respondeat superior*, however, is not a proper basis for liability under 42 U.S.C. § 1983. *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). A supervisor's failure to monitor, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it. *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson County,* 668 F.2d 869, 874 (6th Cir. 1982)). At a minimum, Plaintiff must show that the supervisor implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers. *Id.* Plaintiff does not allege facts suggesting these Defendants were even aware of the decisions made by other Defendants. He has not suggested a basis for holding them personally liable under § 1983.

Plaintiff fails to state a claims for relief under the Fourteenth Amendment against Dr. Ojla and Nurse True. "The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Baker v. Goodrich*,649

F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Although the Eighth Amendment's protections apply specifically to convicted inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992), those same protections are extended to pretrial detainees under the Due Process Clause of the Fourteenth Amendment. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994). These claims, however, are analyzed under the same rubric as Eighth Amendment claims brought by prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for Courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff fails to suggest Dr. Ujla and Nurse True acted with deliberate indifference. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010)(citing *Farmer*, 511 U.S. at 837). Plaintiff alleges briefly that he complained to these two Defendants and they assured him that he would receive treatment. That is the only allegation against them. That statement, alone, is insufficient to suggest they were deliberately indifferent to his serious medical needs.

Finally, while the Plaintiff's claims against the Jail Medical Department, Metro Health Systems, Ujla, Harris, the Cuyahoga County Medical Director, The ODRC Medical Director, the Jail Director and True are subject to dismissal under 28 U.S.C. § 1915(e), the same cannot be said for his claims against Dr. Tallman and and Dr. Gatz. He claims they did not provide him with medications to treat his condition when the became aware of it. At the pleading stage, these claims meet the minimum requirements to survive initial review under § 1915(e).

### III. CONCLUSION

Accordingly, Plaintiff's claims against the Cuyahoga County Jail Medical Department, Metro Health Systems, Ujla, Harris, the Cuyahoga County Medical Director, the ODRC Medical Director, the Jail Director and True are dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be

taken in good faith.[1]  This action shall proceed solely on Plaintiff's claims for deliberate indifference to serious medical needs against Gatz and Tallman.  The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the Defendants.

    IT IS SO ORDERED.

                s/ Christopher A. Boyko
                CHRISTOPHER A. BOYKO
                UNITED STATES DISTRICT JUDGE

DATED:  March 28, 2018

---

[1]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.