**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY TERRELL, | ) | CASE NO: 1:17CV02388 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| DR. THOMAS TALLMAN, *et al.*, | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| Defendants | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

This case is before the undersigned United States Magistrate Judge pursuant to a referral under Local Rule 72.1 for pretrial supervision. (Doc. No. 9.) For the reasons that follow, it is recommended the Court dismiss this action without prejudice for failure to obtain service as required by the Federal Rules.

### I. Procedural/Factual Background

On November 13, 2017, Plaintiff Timothy Terrell, ("Plaintiff") or ("Terrell"), an Ohio prisoner proceeding *pro se,* filed the instant matter alleging Defendants Medical Department of the Cuyahoga County Correctional Center, MetroHealth Systems, Dr. Thomas Tallman, Dr. Rekha Ujla, Marcus Harris, the Cuyahoga County Medical Director, the Medical Director the Ohio Department of Rehabilitation and Corrections, the Director of the Cuyahoga Correctional

1

Center, Nurse Lori True, and Dr. Alan Gatz had failed to provide necessary treatment and medications for his blood disorder while he was a pretrial detainee at the Cuyahoga County Jail. (Doc. No. 1 at 2-9.) Within his *pro se* Complaint form, Plaintiff agreed "to provide the Clerk's office with any changes to [his] address where case-related papers may be served," with the understanding "failure to keep a current address on file with the Clerk's Office may result in the dismissal of [his] case." (*Id*. at 15.)

On March 28, 2018, Judge Christopher A. Boyko issued an Opinion and Order,[1] dismissing all Defendants from the action, except for Dr. Thomas Tallman and Dr. Alan Gatz. (Doc. No. 7 at 4-8.) Judge Boyko directed the Clerk's Office to "forward the appropriate documents to the U.S. Marshal for service of process" and "include a copy of this order in the documents to be served upon the Defendants." (*Id*. at 8.)

Terrell's action then proceeded solely against Defendants Dr. Thomas Tallman and Dr. Alan Gatz. On March 29, 2018, the Clerk's Office issued the Summons for the remaining two Defendants. (Doc. No. 8.) The Summons directed service to the following addresses:

> Alan Gatz
> Cuyahoga County Jail,
> P.O. Box 5600.,
> Cleveland, Ohio 44101
>
> ***
>
> Thomas Tallman
> Cuyahoga County Jail
> P.O. Box 5600.,

---

[1] This Opinion and Order was initially returned as undelivered on April 18, 2018. (Doc. No. 13 at 1.) The Clerk's Office subsequently obtained Plaintiff's new address at Richland Correctional Institution, and re-mailed the Opinion and Order to the correct address on April 18, 2018. (Docket entry dated April 18, 2018.)

    Cleveland, Ohio 44101

(Doc. No. 8 at 1, 3.)

  The U.S. Marshall attempted service on both Dr. Tallman and Dr. Gatz at the above addresses. (Docket Entry dated March 29, 2018.) However, on April 11, 2018, the Return of Service were returned unexecuted for both Defendants, with the remark "delivery returned 4/6/18 - we cannot serve a PO Box." (Doc. Nos. 11 & 12.) On April 18, 2018, a copy of these unexecuted Returns were mailed to Terrell, with the comment "Plaintiff is responsible for providing the Court service documents with the correct address." (Docket Entry dated April 18, 2018.) The copies of the Returns and the related comment were not returned to the Court as undelivered.

  On July 17, 2018, this Court issued an Order to Show Cause to Terrell. (Doc. No. 14.) Within this Order, the Court reviewed the above procedural history and noted

> At this time, neither Defendant has been served because Plaintiff has not provided the Court with a correct address for either Defendant. Under the Federal Rules of Civil Procedure, Plaintiff was required to serve the Defendants within 90 days of Judge Boyko's Opinion and Order. *See* Fed. R. Civ. P. 4(m); *Jackson v. Herrington*, 393 Fed. App'x 348, 353-354 (6th Cir. Aug. 21, 2010)("But district courts cannot issues summonses in *in forma pauperis* prisoner cases until after screening the complaint for frivolousness and other defects."). As Judge Boyko issued his Order on March 28, 2018, the deadline for Plaintiff to serve Defendants was June 29, 2018.

(*Id.* at 3.) The Order directed Terrell to show cause "**on or before July 31, 2018 why this matter should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 16(f). Plaintiff is also directed to provide the Clerk's Office with the correct addresses for the remaining two defendants. Failure to comply with this Order may result in the dismissal of this matter.**" (*Id.*)(emphasis in original.) On July 26, 2018, this Order was returned as

3

undelivered from the Richland Correctional Institution, with the explanation Terrell "is not currently at this institution, " as he "went out to [Ohio State Medical Center] on July 6, 2018 and has not returned at this time." (Doc. No. 15 at 1.) To date, Plaintiff has not updated his address, perfected service on the Defendants, or otherwise responded to this Order.

## II. Law and Analysis

Fed. R. Civ. P. 4(m) provides:

(m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service must be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m).

Rule 4(m) requires a court to undertake a two-part analysis. First, the court must determine whether the plaintiff has shown good cause for the failure to effect service. *Stewart v. Tennessee Valley Authority*, 2000 WL 1785749, at *1 (6th Cir. 2000). Then, if the plaintiff establishes good cause, the court must "extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). *See also Warrior Imports, Inc. v. 2 Crave*, 317 F.R.D. 66, 69 (N.D. Ohio Mar. 29, 2016).

However, if the plaintiff is unable to establish good cause, the court must either (1) dismiss the action without prejudice, or (2) direct that service be perfected within a specified time. *Stewart,* 2000 WL 1785749, at *1 (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996).). *See also Workman v. University of Akron*, 2017 WL 1113332, at *1(N.D. Ohio Mar. 24, 2017); *Tanksley v. Tennessee Valley Authority*, 2017 WL 6391473, at *3 (E.D. Tenn. Dec.

14, 2017).

It is the plaintiff who bears the burden of establishing good cause, which "necessitates a demonstration of why service was not made within the time constraints." *Natziger v. McDermott Intern., Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (quoting *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).). To meet this burden, the plaintiff must offer an explanation equivalent to "at least as much as would be required to show excusable neglect," though "simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985)). The Sixth Circuit has acknowledged "extraordinary circumstances may give rise to good cause excusing untimely service." *Powell v. Med. Dep't Cuyahoga Cty. Corr. Ctr.*, 2018 WL 3241243 at *2 (N.D. Ohio July 3, 2018). *See*, *e.g., Habib*, 15 F.3d at 73 (finding good cause where a seriously ill *pro se* plaintiff made a good faith effort to perfect service); *Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996) (vacating dismissal of *pro se* prisoner plaintiff's complaint and remanding where plaintiff failed to perfect service due to serious errors made by the court clerk and U.S. Marshals assigned to the task).

The Court finds Plaintiff has not shown good cause for his failure to serve either of the named Defendants. The docket reflects the U.S. Marshalls attempted service upon both Defendants on March 29, 2018, but that service was returned unexecuted on April 11, 2018. (Docket Entry dated March 29, 2018 and Doc. Nos. 11 &12.) The Court subsequently alerted Plaintiff service was not complete, and informed Plaintiff he needed to provide the Court with "service documents with the correct address." (Docket Entry dated April 18, 2018). Plaintiff was presumably aware of this, as the copies of the unexecuted summons and related comment

5

were mailed to his last known address and not returned to this Court as undelivered. Despite this effort by the Court, Plaintiff proceeded to make no effort to obtain service by June 29, 2018, when the 90-day time limit for service had expired.

The Court then issued a Show Cause Order on July 17, 2018, affording Plaintiff an opportunity to show good cause for the failure to obtain service by the deadline and avoid dismissal of his Complaint. (Doc. No. 14 at 3.) Plaintiff has not responded to this Show Cause Order in any form – either by providing an explanation for the delay in obtaining service or submitting updated addresses for the named Defendants. The Court acknowledges Plaintiff, by the time the Order was issued, "went out to [Ohio State Medical Center] on July 6, 2018 and has not returned at this time." (Doc. No. 15 at 1.) However, two months have now passed, and Plaintiff has not updated his address, perfected service on the Defendants, or otherwise responded to this Order. Moreover, even prior to his hospitalization, Plaintiff was aware service was not complete. Despite this, Plaintiff made no effort to comply with obtaining service on the Defendants, nor did he explain why he was unable to obtain service.

Because Plaintiff has not established good cause, the Court has the discretion to either enlarge the time for service or dismiss the action without prejudice. Fed. R. Civ. P. 4(m). *See also Warrior Imports, Inc.*, 317 F.R.D. at 69-70. Under the circumstances of this case, where Plaintiff has not provided the Court with any explanation or response, the Court declines to recommend an extension of time to perfect service. First, Plaintiff may be hospitalized for an indefinite length of time, extending the deadline for service would not reasonably elicit any response. Moreover, Plaintiff was aware service was not perfected for months prior to his hospitalization and made no efforts to remedy the situation. Therefore, the Court finds dismissal

6

without prejudice is the most appropriate course of action under Rule 4(m). *See Engler v. Arnold*, 2015 WL 4213642, at *2 (N.D. Ohio July 10, 2015)(finding where a plaintiff was unresponsive to the court and did not provide an explanation for failure to perfect service "dismissal due to lack of service is mandatory, not discretionary.").

In sum, the Court is mindful of Plaintiff's *pro se* status, as well as the possibility he is receiving ongoing medical care. Nevertheless, the Court must also consider the time and resources this Court has expended due to Plaintiff's failure to obtain service on a nearly year-old lawsuit. Accordingly, and for the reasons stated above, the Court finds Plaintiff has not established good cause for his failure to serve the Defendants in this action, and dismissal of this action without prejudice is appropriate.

### III. Conclusion

For the foregoing reasons, the Court recommends this action be dismissed without prejudice due to Plaintiff's failure to effect service as required by the Federal Rules.

Date: September 20, 2018　　　　　　　　　　　*s/ Jonathan D. Greenberg*
　　　　　　　　　　　　　　　　　　　　　　Jonathan D. Greenberg
　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986)**.